

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CARMEN SERRANO,                    :

                            Plaintiff,     :

         -against-               :

COMMISSIONER OF SOCIAL SECURITY,   :

                        Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

18 Civ. 11543 (GBD) (SLC)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Carmen Serrano brings this action against Defendant the Commissioner of Social Security under the Social Security Act, 42 U.S.C. § 405(g), seeking review of an administrative law judge's decision denying Plaintiff disability benefits. (Compl., ECF No. 2.) Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Notice of Mot., ECF No. 29; Notice of Cross-Mot., ECF No. 31.)

Plaintiff challenges the administrative law judge's ("ALJ's") decision on multiple grounds. First, Plaintiff argues that the ALJ erred in finding that Plaintiff was not disabled, despite her severe mental impairment. Specifically, Plaintiff takes issue with the weight the ALJ accorded the opinions of two of her physicians. She further contends that the vocational expert's testimony relied upon by the ALJ did not constitute substantial evidence because it was based on erroneous findings.

Second, Plaintiff argues that the ALJ was not properly appointed pursuant to the Appointments Clause of the United States Constitution. Accordingly, Plaintiff contends that this case must be remanded for proceedings before a properly appointed ALJ. Defendant does not dispute that the ALJ in Plaintiff's case was improperly appointed, but argues that Plaintiff forfeited

her ability to challenge the improper appointment in the District Court by failing to raise it before the agency.

Before this Court is Magistrate Judge Sarah L. Cave's January 25, 2021 Report and Recommendation (the "Report"). Magistrate Judge Cave found that the ALJ's decision applied the correct legal standards and was supported by substantial evidence. (Report, ECF No. 35, at 24.) Magistrate Judge Cave also determined that failure to raise an Appointments Clause challenge before the ALJ does not bar Plaintiff from raising it for the first time before this Court. (*Id.*) However, Magistrate Judge Cave recommended that this Court refrain from ruling on Plaintiff's Appointments Clause challenge until after a forthcoming decision by the Supreme Court addressing this precise issue of exhaustion.[1] (*Id.*)

Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 35–36.) Defendant filed timely objections, (Def.'s Objs. to the Magistrate Judge's R. & R., ECF No. 36), to which Plaintiff did not respond. Specifically, Defendant objects to the Report's finding that Plaintiff did not forfeit her Appointments Clause challenge by failing to raise such a claim with the ALJ. Defendant does not object to the Report's recommendation that this Court withhold decision on Plaintiff's Appointments Clause challenge until after the Supreme Court decides the issue.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court

---

[1] This issue has yet to be addressed by the Second Circuit but has been considered by numerous courts across the country, including five Circuit Courts of Appeal. The Third, Fourth and Sixth Circuits are of the view that issue-exhaustion is not required. *See Cirko v. Commissioner*, 948 F.3d 148 (3d Cir. Jan. 23, 2020); *Ramsey v. Commissioner of Social Security*, 973 F.3d 537 (6th Cir. Sept. 1, 2020); *Probst v. Saul*, 980 F.3d 1015 (4th Cir. Nov. 20, 2020). The Eighth and Tenth Circuits, however, have reached the opposite conclusion. *See Carr v. Commissioner*, 961 F.3d 1267, 1268 (10th Cir. June 15, 2020); *Davis v. Saul*, 963 F.3d 790 (8th Cir. June 26, 2020). The Supreme Court granted *certiorari* in *Carr* and *Davis* and heard oral argument on the consolidated appeals on March 3, 2021.

must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

As to the Appointments Clause challenge, Magistrate Judge Cave determined that Plaintiff was not required to raise her Appointments Clause challenge at the ALJ level to preserve it for judicial review. (Report at 24–26.) Defendant's objections to this conclusion are identical to the arguments made in its initial brief to Magistrate Judge Cave. This Court agrees with Magistrate Judge Cave and the sound reasoning of the decisions she cites that Plaintiff has not forfeited this claim.[2] *See Filippo v. Saul*, 483 F. Supp. 3d 213 (S.D.N.Y. 2020); *Montes v. Saul*, No. 19 Civ. 3039 (DF), 2020 WL 6875301 (S.D.N.Y. Nov. 23, 2020); *Velez v. Saul*, No. 19 Civ. 7291 (LJL) (JLC), 2020 WL 7638246 (S.D.N.Y. Dec. 23, 2020), *report and recommendation adopted*, No. 19 Civ. 7291 (LJL), 2021 WL 135700 (S.D.N.Y. Jan. 14, 2021); *Croston v. Saul*, No. 19 Civ. 6151 (GBD) (JLC), 2020 WL 7756214 (S.D.N.Y. Dec. 30, 2020).

---

[2] Indeed, one of the decisions referred to in the Report is a report and recommendation from Magistrate Judge James L. Cott in a different case before this Court, *Croston v. Saul*, which this Court has adopted despite Defendant's similar objection there.

Having reviewed the Report, as well as Defendant's objections, this Court adopts the Report and overrules the objections, but declines to refrain from ruling on Plaintiff's Appointments Clause challenge. Plaintiff's motion for judgment on the pleadings, (ECF No. 29), is GRANTED. Defendant's motion, (ECF No. 31), is DENIED. This matter is remanded for a new hearing before a different, properly appointed ALJ.

The Clerk of Court is directed to close the motions accordingly.


Dated: New York, New York
       March 29, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

4