UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CARMEN SERRANO,

                Plaintiff,

-against-

KILOLO KIJAKAZI, ACTING COMMISSIONER
OF SOCIAL SECURITY,[1]

                Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 11543 (GBD) (SLC)

GEORGE B. DANIELS, District Judge:

On December 10, 2018, Plaintiff Carmen Serrano commenced this action against the Commissioner of Social Security pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking review of an administrative law judge's decision denying her disability benefits. (Compl., ECF No. 2.) On March 29, 2021, this Court entered an order remanding the case for a new hearing. (ECF No. 37.) Shortly thereafter, Plaintiff moved for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 39.)

Before this Court is Magistrate Judge Sarah L. Cave's February 2, 2022 Report and Recommendation (the "Report"), recommending that Plaintiff's motion be denied. (*See* Report, ECF No. 49.) Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 15–16.) Neither party lodged objections to the Report and the time to do so has now passed.

Having reviewed the Report for clear error and finding none,[2] this Court ADOPTS the Report in full. Accordingly, Plaintiff's motion is DENIED.

---

[1] This Court joins in Magistrate Judge Cave's direction to the Clerk of Court to substitute Acting Commissioner Kilolo Kijakazi as the Defendant in the caption of this action.

[2] Portions of a magistrate judge's report to which no objections are made are reviewed only for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted).

1

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it. On August 22, 2014, Plaintiff filed an application for Supplemental Security Income benefits. (Report at 1–2.) On October 21, 2014, the Social Security Administration ("SSA") denied Plaintiff's application. (*Id.* at 2.) That decision was affirmed on July 31, 2017 by an Administrative Law Judge ("ALJ"), and on September 5, 2018, the SSA Appeals Council denied Plaintiff's request for further review. (*Id.*) Plaintiff commenced the instant action shortly thereafter.

On April 20, 2020, Plaintiff moved for judgment on the pleadings. (Report at 2.) In relevant part, Plaintiff's motion argued that the ALJ assigned to her case had not been properly appointed pursuant to the Appointments Clause of the United States Constitution. (*Id.*) The Commissioner opposed Plaintiff's motion, arguing that Plaintiff had forfeited her Appointments Clause challenge by failing to raise it before the agency at any point during the administrative proceedings. (ECF No. 32, at 24–33.) Finding that Plaintiff's failure to exhaust did not bar her from asserting her challenge in this action, this Court granted Plaintiff's motion on March 29, 2021 and remanded the matter back to the SSA for a new hearing in front of a properly-appointed ALJ. (ECF No. 37.) On June 18, 2021, Plaintiff filed the instant motion seeking $8,525.20 in attorneys' fees incurred in litigating this action. (ECF No. 39.)

## II. PLAINTIFF IS NOT ENTITLED TO A FEE AWARD

The EAJA provides that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special

circumstances make an award unjust." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 302–03 (2d Cir. 2011) (quoting 28 U.S.C. § 2412(d)(1)(A)). Status as a "prevailing party" is conferred whenever there is a "court-ordered change in the legal relationship between the plaintiff and defendant" or a "material alteration of the legal relationship of the parties." *Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.*, 356 F.3d 444, 452 (2d Cir. 2004) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)). It is well-established that a litigant who has received a district court's order vacating a decision of the Social Security Commissioner and remanding for further consideration pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party" for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Accordingly, this Court easily adopts Magistrate Judge Cave's finding that Plaintiff is a "prevailing party."

Notwithstanding, as set forth in the statute, this Court can award attorneys' fees under the EAJA only if the Commissioner's position was not "substantially justified," *see* 28 U.S.C. § 2412(d)(1)(A), which the Supreme Court has construed to mean "has reasonable basis in law and fact." *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (a position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."). In this litigation, the Commissioner argued that Plaintiff's failure to raise her Appointments Clause challenge at any time during the administrative proceedings resulted in a waiver of the right to raise the issue before this Court. Considering the matter as a whole, this Court agrees with Magistrate Judge Cave that this position was substantially justified. Plaintiff concedes that she did not make an Appointments Clause challenge before the agency during the underlying proceedings,[3] and in opposing Plaintiff's motion for judgment on the pleadings, the Commissioner

---

[3] This Court agrees with Magistrate Judge Cave that the Commissioner was not required to raise the issue *sua sponte*, let alone take a position on it, during the underlying administrative proceedings.

3

relied on the general principal that an argument not timely raised before an administrative agency is waived. Indeed, as noted in the Report, the Supreme Court only first held otherwise in April 2021—almost a year after the Commissioner opposed Plaintiff's motion. *See Carr v. Saul*, 141 S. Ct. 1352, 1360 (2021) (holding that claimants can raise Appointments Clause challenges in district court even if the issues were not raised at the agency level). Prior to *Carr*, the Second Circuit had not addressed this question and the issue was otherwise the subject of a circuit split. *See Hubbard v. Comm'r of Soc. Sec.*, No. 19 Civ. 282 (AEK), 2022 WL 11266612, at *3 (S.D.N.Y. Oct. 19, 2022) (collecting pre-*Carr* circuit-level cases holding consistent with Commissioner's position). Based on the considerable flux in the state of the law at the time the Commissioner opposed Plaintiff's motion, and that multiple courts to consider the issue had agreed with the Commissioner, this Court cannot say that the Commissioner's position was not "substantially justified." Therefore, Plaintiff is not entitled to fees under the EAJA.

### III. CONCLUSION

Magistrate Judge Cave's Report is ADOPTED in full. Plaintiff's motion for attorneys' fees, (ECF No. 39), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: February 2, 2023
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4